## AMERICAN EMPLOYERS' LIABILITY INSUR-
## ANCE CO. *v.* SLOSS IRON AND STEEL CO.

Where a policy of accident insurance, issued to an employer,
    stipulated for the payment of specified sums to the policy
    holder "as trustee..for the benefit of any workman injured,
    and in case of his death, his legal representatives," the sum
    to be paid in the latter event being one year's current wages
    of the deceased workman, the policy further providing that
    no person except such employer should have against the in-
    surance company any action or claim, but containing nothing
    indicating any intention whatever by the parties thereto to
    contract with reference to an escheat to the State in case of
    the death of an employee without heirs, such employer suing
    as such trustee could not maintain upon such policy an action
    against the company for the year's wages of a deceased work-
    man, without alleging that the latter in fact had a legal repre-
    sentative or representatives, and setting forth his name, or
    their names.

Argued January 12,—Decided March 29, 1897.

Action on insurance policy.    Before Judge Reid.    City
court of Atlanta.    May term, 1896.

*Hillyer, Alexander & Lambdin,* for plaintiff in error.
*King & Anderson,* contra.

COBB, Justice.

The Sloss Iron and Steel Company brought suit against
the American Employers' Liability Insurance Company
upon a policy of insurance issued to it "as trustee for and
on behalf of any workman employed therein," in which the
insurance company agreed to pay to said Sloss Iron and
Steel Company "as trustee aforesaid for the benefit of any
workman injured, and in case of his death, his legal repre-
sentatives," certain sums fixed according to the character of

the injury. It was alleged that the Sloss Iron and Steel Company had in its employ a man by the name of John Wallace, who died from the result of accidental injuries during the time when said policy was in force, and that under the terms of the policy they were entitled to recover one year's wages and the necessary medical and funeral expenses. It further appeared that all of the medical and funeral expenses had been paid, except the sum of $4. The petition failed to allege that there was a legal representative upon the estate of John Wallace, and the plaintiff sought to recover the amount sued for, as trustee, under the terms of the policy. An examination of the policy clearly demonstrates that, so far as the indemnity in case of injury or death was concerned, the parties thereto were contracting for the benefit of the employees of the plaintiff company, that the amount to be recovered in case of injury during life was to go to the employee injured, and that the amount to be recovered in case of death was to go, not to the employer, but to the legal representative of the employee. The employer occupies the relation of trustee for the sole purpose of representing its employees in regard to their rights against the insurance company. It clearly appears from the policy that there was no intention to contract with reference to an escheat to the State in case of the death of the employee without heirs. The employer, under the terms of the policy, could bring a suit to recover the amounts due thereunder, not, however, in his own right, but only as trustee in the right of the employee, or his legal representative. It should appear from the allegations in the petition for whose benefit he is bringing the suit, as under the contract the trustee personally was not, in any event, to be the beneficiary of the policy, or any part thereof.

As the petition fails to show that John Wallace, the deceased employee, had either heirs or legal representatives, and the trustee not being authorized to recover in its own

right, the court erred in not sustaining the demurrer to so much of the petition as sought to recover the year's wages which were due to the legal representatives of the deceased workman.    As it was alleged that a part of the funeral expenses had been paid by the plaintiff, the petition set forth a cause of action so far as the balance.due on this account was concerned; and for the purpose of recovering this, the case will remain in court.

Judgment reversed.    All the Justices concurring.